Case 7:24-cv-00528   Document 1   Filed on 12/19/24 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
FILED

DEC 19 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOHNNY PARTAIN | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Case No. _____ |
| | § | |
| | § | |
| ATTORNEY GENERAL | § | |
| TEXAS ATTORNEY GENERAL | § | |
| KENNETH PAXTON, and | § | |
| TEXAS GENERAL LAND OFFICE | § | |
| COMMISSIONER | § | |
| DAWN BUCKINGHAM | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

1.   Johnny Partain files his Original Verified Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction. Johnny Partain seeks an injunction against the Texas Attorney General (Kenneth Paxton) and Texas General Land Office Commissioner (Dawn Buckingham) to prevent them from seizing approximately $340 million of his property, almost all of which are outside the jurisdiction of Texas, and assaulting him on threats of "combat" and threats of criminal prosecution to prevent Plaintiff from exercising and enjoying his rights to his property and his liberties as protected under the United States Constitution Amd. 4, 5, 9, and 14, and the Texas Constitution, Tx. Const. Art. 1. The Defendants are specifically stripped of the general powers of government by Texas Constitution Art. 1, Sec. 29. The Defendants are causing confusion, facilitating fraud, and inspiring illegal ultra vires acts by other public official which causes irreparable or irremediable injuries, also threatening physical injury to the Plaintiff, which the Defendants cannot pay back.

2.                                                    I. PARTIES

A. Plaintiff, JOHNNY PARTAIN, resides at 7020 N 16th Street, McAllen, Texas, 78504, Hidalgo County.

B. Defendant, TEXAS ATTORNEY GENERAL KENNETH PAXTON, can be served through Texas Secretary of State, P.O. Box 12887, Austin, Texas 78711-2887.

C. Defendant, GENERAL LAND OFFICE COMMISSIONER DAWN BUCKINGHAM, can be served through Texas Secretary of State, P.O. Box 12887, Austin, Texas 78711-2887.

## II. JURISDICTION/VENUE

3.   Jurisdiction is proper to this Court under 28 USC § 1343 Civil Rights, 28 USC § 1331 Federal question, 28 USC § 1356 Seizures, and 28 U.S.C. § 2283.

## III. JURY DEMAND

4.   Plaintiff is entitled to a jury trial and demands a jury trial as required in any findings of fact under FRCP 38.

## IV. HISTORY

5.   Plaintiff brought an amended US civil rights, inverse condemnation (Tx. Const. Art. 1, Sec. 17), RICO complaint through Hidalgo District Court case no. C-0929-12-F against the State of Texas and several public officials for approximately $250,000,000 and interest. The merits of his complaint were never reviewed, the district court refusing to sign an unopposed summary judgment order, closing its doors for over 4 years after being mandated by a higher court to take the Plaintiff to trial, and then dismissing the Plaintiff's complaint, carte blanche, for sovereign immunity (sovereign immunity is waived under the US Constitution Adm. 5 and Tx. Const. Art. 1, Sec. 17) when the Texas Governor was asked for payment after the Plaintiff could not get a hearing in the Court. Further, the 13th Court of Appeals refused to review the appeal for due process dismissing it. No compensation was ever made to the Plaintiff and no due process was provided.

6. However, the debt remained inviolate per the US 5th Amendment, Tx. Const. Art. 1, Sec. 17 and Sec. 29 and the Plaintiff successfully received just compensation pursuant to legal extra-judicial process.

7. The Texas Constitution does not prevent the Plaintiff from collecting his mandated compensations under the constitutions, and in fact the constitutions are silent on who or how the compensations are made. Only the remedy, to be compensated, is certain. Further, Tx. Const. Art. 1, Sec. 29 excepts all powers of the state to interfere with this right. It is unclear if the Texas Legistlature could ever pass a law preventing the collection of a constitutionally mandated "debt".

## V. REASON FOR REQUESTING A TEMPORARY RESTRAINING ORDER AND INJUNCTIONS

8. The Defendants threaten to send public officers to "combat" the Plaintiff and threaten to prosecute the Plaintiff for using a UCC statute to fulfill a constitutional command[1] without a security agreement.[2] Plaintiff learned two days ago that the Defendants were taking royalty payments from Plaintiff's property, which is deeded outside the jurisdiction of the state, which the state will probably never reimburse to the Plaintiff on the excuse of immunity, and the Defendants cannot afford to reimburse. The Defendants threatened to physically assault the Plaintiff and to <u>un-compensate</u> or take the Plaintiff's approximately $340 million in property without the power of the state (color of law), again violating the Plaintiffs civil rights under the US and Texas constitutions, and exposing the Defendants to personal liability under 42 U.S.C §1983. The Defendants have no authority under the constitutions to <u>un-compensate</u> the Plaintiff or to take his property.

9. Plaintiff requires an immediate Temporary Emergency Restraining Order to stop the Defendants from illegally wielding state power against him and his property because the Plaintiff would be irreparably damaged. This Court cannot force a state to pay the Plaintiff and the Defendants cannot pay the Plaintiff. Plaintiff could remain undamaged

---

1 *"The form of the remedy did not qualify the right."* Jacobs v. United States 290 U.S. 13 (1933) *(the right to just compensation could not be taken away be statute.)*

2 *"It is obvious that the owner's right to just compensation cannot be made to depend upon state statutory provisions."* Seaboard Airliner v. US, 261 U.S. 299 (1923).

if this Court would issue an immediate emergency restraining order to maintain the status quo until a preliminary and permanent injunction can be properly adjudicated.

VI. APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER

10. Plaintiff requests an emergency temporary restraining order because the Plaintiff is in immediate danger of "combat" with the State of Texas, and is in immediate danger of being illegally indicted and of having approximately $340 million of his property seized and partially sold[3] through the unconstitution use of a state UCC code (Texas Business and Commerce Code section 9.5185) using the color of law, without any legal authority. Tx. Const. Art. 1, Sec. 29 removes the power of the State from the Defendants to violate the Plaintiff's rights. The Defendants are attempting to seize the Plaintiffs property through the unconstitutional application of Texas Business and Commerce Code section 9.5185, and to color the Plaintiff a fraud without full due process of a jury trial and then to indict him on that statute. While this exposes the Defendants to 42 U.S.C §1983, it practically forces the State of Texas into violating Plaintiff's rights under US Constitution Amendments 4 (The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated), 5 (nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation), 6 (innocence until proven guilty), 9 (that United States citizens have far more rights than those currently listed and that their absence doesn't diminish their importance), and 14 (due process). Plaintiff has not been indicted or been engaged in combat yet, but it is threatened by the Defendants which should be sufficient to justify this Court's emergency restraining order.

11. Plaintiff already communicated to the Defendants this morning through email that they are breaking the law to seize his property and that the Plaintiff has not had a jury trial on any fact issues. The Defendants are currently attempting to slide an obviously fraudulent document in front of a visiting Texas District Judge for signature that appears to determine a plethora of issues which have not been heard or adjudicated, most all of which require a trial by jury to determine the facts, and which are designed to prejudice a criminal prosecution against the Plaintiff. Since this is blatantly illegal it is clear that the

---

[3] Plaintiff has already refused multiple offers to sell his property to prospective buyers whom are currently interested in purchasing some of it.

Defendant believe they are above the law, immune to any legal process, and cannot be stopped. Any further warning to the Defendants will probably result in the hasten destruction of the Plaintiff's property and probably an indictment which this Court can't reverse. Plaintiff is requesting this Court provide an immediate emergency order restraining Texas Attorney General Kenneth Paxton and Texas General Land Office Commissioner Dawn Buckingham from interfering, effecting, or collecting any of Plaintiffs properties or from prosecuting a constitutional right to compensation with a statutory complaint. The Plaintiff can offer security in part on his property. See the attached Warranty Deed.

## VII. CERTIFICATION AND CLOSING UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

12. By signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

_____
JOHNNY PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821
partain@atlastechnologies.biz

# GENERAL WARRANTY DEED

DATE: March 5, 2024

GRANTOR/TRANSFEREE: JOHNNY RAY PARTAIN

GRANTOR'S MAILING ADDRESS:   7020 N 16th Street

McAllen, Texas 78504

Hidalgo County

GRANTEE:   JOHNNY RAY PARTAIN

GRANTEE'S MAILING ADDRESS:   7020 N 16th Street

McAllen, Texas 78504

CONSIDERATION: In and for the payment of $10, the receipt of which is hereby acknowledged by the Grantor, and for other considerations, Grantor sells, deeds and conveys to Grantee all rights, titles, and interests in and to the aforementioned property pursuant to Transfer Statement filings in the Web County Clerk's Record, Instrument Number 1517363, to have and to hold it, to Grantee, Grantee's successors and assigns forever. Grantor hereinafter agrees to warrant and to defend title to Grantee.

PROPERTY DESCRIPTION:

- TRACT 3-B, RIO GRANDE, WEBB COUNTY, TEXAS. CONTAINING APPROXIMATELY 80 ACRES BEING THAT PORTION OF THE RIO GRANDE OWNED BY THE STATE OF TEXAS THAT IS BOUND ON THE NORTH BY A WESTERLY EXTENSION OF THE SOUTH LINE OF THE EUGENIO SANCHEZ PORCION 42, AND IS BOUND ON THE SOUTH BY THE NORTH BOUNDARY OF THE D. D. HACHAR #8-L UNIT, SAID UNIT BEING MORE PARTICULARLY DESCRIBED IN POOLING AGREEMENT IN MINERAL LEASE FILE M-70112 PRESENTLY ON FILE IN THE ARCHIVES AND RECORDS DIVISION OF THE TEXAS GENERAL LAND OFFICE, AUSTIN, TEXAS.
- SECTION 838, G. C. & S. F. RY. CO SURVEY, WEBB COUNTY, TEXAS, CONTAINING APPROXIMATELY 69.5 ACRES, AS SHOWN ON THE OFFICIAL MAP OF WEBB COUNTY, TEXAS NOW ON FILE IN TILE TEXAS GENERAL LAND OFFICE, AUSTIN, TEXAS.
- SURVEY 598, ABSTRACT 2598, ORIGINAL GRANTEE AMADOR GARCIA, WEBB COUNTY, TEXAS, CONTAINING APPROXIMATELY 649.5 ACRES, MORE OR LESS.
- EAST HALF (E/2) OF SECTION23, A-2545, J. BILLINGS, GRANTEE CONTAINING APPROXIMATELY 320 ACRES,

    ALL OF SECTION 25, A-2547, J. BILLINGS, GRANTEE CONTAINING APPROXIMATELY 640 ACRES,



DOC #1524059, OPR 5615 / 0587 - 0593
Doc Type: WARRANTY DEED
Record Date: 03/12/2024  11:24:33 AM
Fees: $45.00, Recorded By: JB
Margie Ramirez Ibarra, Webb County Clerk

Page 1 of 6

ALL OF SECTION 26, A-2950, C. VERGARA, GRANTEE CONTAINING APPROXIMATELY 701.50 ACRES,

ALL OF SECTION 32, A-2676, J. D. ESSARY, GRANTEE CONTAINING APPROXIMATELY 119.50 ACRES,

ALL OF SECTION 67, A-2720, MILES C. DAVIS, GRANTEE CONTAINING APPROXIMATELY 640 ACRES

ALL OF SECTION 73, A-2762, O. A. PERRON, GRANTEE CONTAINING APPROXIMATELY 640 ACRES,

TOTALING APPROXIMATELY 3,061 ACRES AS SHOWN ON THE OFFICIAL MAP OF WEBB COUNTY, TEXAS ON FILE IN THE TEXAS GENERAL LAND OFFICE, AUSTIN, TEXAS.

- ALL OF THE M. RIOJAS SURVEY 372, ABSTRACT 2782 IN WEBB COUNTY, TEXAS CONTAINING 642.50 ACRES. MINERALS.
- J. POITEVENT SURVEY NO. 892, WEBB COUNTY, TEXAS CONTAINING APPROXIMATELY 12.12 ACRES, AS SHOWN ON THE OFFICIAL MAP OF WEBB COUNTY, CURRENTLY ON FILE IN THE TEXAS GENERAL LAND OFFICE, AUSTIN, TEXAS.
- 59.553 ACRES OF LAND, MORE OR LESS, SITUATED IN WEBB COUNTY, TEXAS, MORE PARTICULARLY DESCRIBED AND SET OUT IN THAT CERTAIN RIGHT-OF-WAY DEED FROM THE SOUTHERN PINE LUMBER COMPANY, AS GRANTOR, TO THE STATE OF TEXAS, AS GRANTEE, DATED APRIL 5, 1933, OF RECORD IN VOLUME 128, PAGES 382-385 OF THE DEED RECORDS OF WEBB COUNTY, TEXAS.
- 13.89 ACRES OF LAND, MORE OR LESS, SITUATED IN WEBB COUNTY, TEXAS, MORE PARTICULARLY DESCRIBED AND SET OUT IN THAT CERTAIN RIGHT-OF WAY DEED FROM D. W. LIGHT, AS GRANTOR, TO THE STATE OF TEXAS, AS GRANTEE, DATED MAY 1, 1933, OF RECORD IN VOLUME 128, PAGES 387-389 OF THE DEED RECORDS OF WEBB COUNTY, TEXAS, WHICH TRACT OF LAND INCLUDES WITHIN ITS METES AND BOUNDS DESCRIPTION:

    (A) 4.443 ACRES OF LAND, MORE OR LESS,

    (B) 4.465 ACRES OF LAND, MORE OR LESS,

    (C) 4.982 ACRES OF LAND, MORE OR LESS.

- 949.95 ACRES OF LAND, MORE OR LESS, AND BEING CLASSIFIED "MINERAL CLASSIFIED" BY THE STATE OF TEXAS EITHER BY PATENT OR BY RELINQUISHMENT ACT AND ALL IN WEBB COUNTY, TEXAS, DESCRIBED AS:

    S/2 OF SECTION 2, ABSTRACT 2575, FRANCISCO CRUZ ORIGINAL GRANTEE, CONTAINING 322.16 ACRES, MORE OR LESS.

    N/2 OF SECTION 2, ABSTRACT 2648, WILLIAM MILLER ORIGINAL GRANTEE, CONTAINING 320.69 ACRES, MORE OR LESS.

SECTION 27, ABSTRACT 2678, CLEMENTA VARGARA ORIGINAL GRANTEE, CONTAINING 307.10 ACRES, MORE OR LESS.

- 1,238.77 ACRES OF LAND, MORE OR LESS, AND BEING CLASSIFIED "MINERAL CLASSIFIED" BY THE STATE OF TEXAS EITHER BY PATENT OR BY RELINQUISHMENT ACT AND ALL IN WEBB COUNTY, TEXAS, DESCRIBED AS:

  SECTION 1, ABSTRACT 2544. JESSE BILLINGS ORIGINAL GRANTEE, CONTAINING 622.10 ACRES, MORE OR LESS.

  SECTION 77, ABSTRACT 2696, GEO R. ALEXANDER O1IGINAL GRANTEE, CONTAINING 616.67 ACRES, MORE OR LESS.

- 960.00 ACRES OF LAND, MORE OR LESS, AND BEING CLASSIFIED "MINERAL CLASSIFIED" BY THE STATE OF TEXAS EITHER BY PATENT OR BY RELINQUISHMENT ACT AND ALL IN WEBB COUNTY, TEXAS, DESCRIBED AS:

  SECTION 76, ABSTRACT 2695, GEO R. ALEXANDER ORIGINAL GRANTEE, CONTAINING 640.00 ACRES, MORE OR LESS.

  N/2 OF SECTION 75, ABSTRACT 3178, M.A. HIRSCH ORIGINAL GRANTEE, CONTAINING 320 ACRES, MORE OR LESS.

- 1,110.50 ACRES OF LAND, MORE OR LESS, AND BEING CLASSIFIED "MINERAL CLASSIFIED" BY THE STATE OF TEXAS EITHER BY PATENT OR BY RELINQUISHMENT ACT AND ALL IN WEBB COUNTY, TEXAS, DESCRIBED AS:

  S/2 OF SECTION 75, ABSTRACT 2694, MRS. ANDREA J. DEALEXANDER ORIGINAL GRANTEE, CONTAINING 320 ACRES, MORE OR LESS.

  SECTION 74, ABSTRACT 2693, MRS. ANDREA J. DEALEXANDER ORIGINAL GRANTEE, CONTAINING 790.50 ACRES, MORE OR LESS.

- 1,280.00 ACRES OF LAND, MORE OR LESS, AND BEING CLASSIFIED "MINERAL CLASSIFIED" BY THE STATE OF TEXAS EITHER BY PATENT OR BY RELINQUISHMENT ACT AND ALL IN WEBB COUNTY, TEXAS, DESCRIBED AS:

  SECTION 51, ABSTRACT 2759, 0. A. PERRON ORIGINAL GRANTEE, CONTAINING 640.00 ACRES, MORE OR LESS.

  SECTION 52, ABSTRACT 2760, 0 . A. PERRON ORIGINAL GRANTEE, CONTAINING 640.00 ACRES, MORE OR LESS.

- 94 ACRES OF LAND, MORE OR LESS, OUT OF THE RIO GRANDE RIVER LOCATED BETWEEN SECTION 27, ABSTRACT 2678, CLEMENTA VARGARA ORIGINAL GRANTEE, AND SECTION 74, ABSTRACT 2693, MRS. ANDREA J. DEALEXANDER ORIGINAL GRANTEE.
- 704.49 ACRES, MORE OR LESS, BEING OUT OF THE RIO BRAVO LEASE, AND BEING ALONG THE RIVERBED OF THE RIO GRANDE RIVER IN WEBB COUNTY, TEXAS, AND INCLUDING THE RIVER BED, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING FROM THE MORGANSTERN-FASKEN STATE G.U. NO. 411 WELL. (N: 778281. E: 1568424 NAD27) THENCE, N 84°41'00" E, A DISTANCE OF 1.854.30 FEET. TO A POINT FOR THE NORTH CORNER HEREOF, AND THE POINT OF BEGINNING.

THENCE, S 20°11'32" E. A DISTANCE OF 4,025.28 FEET, TO A POINT FOR THE EAST CORNER HEREOF;

THENCE, S 69°42'47" W. A DISTANCE OF 7,633.39 FEET, TO A POINT FOR THE SOUTH CORNER HEREOF:

THENCE, WITH THE MEANDERS OF THE EAST GRADIENT BANK OF THE RIO GRANDE RIVER FOLLOWING COURSES AND DISTANCES:

N 23°33'06" W - 10.76'

N 41°13'36" W - 26.66'

N 30°14'31" W - 13.18'

N 06°49'02" W - 43.70'

N 09°02'38" W 65.31'

N 25°10'00" W - 56.66'

N 21°23'21" W - 78.43'

N 25°52'15" W - 39.52'

N 30°14'30" W - 14.18'

N 30°14'29" W - 48.29'

N 23°33'04" W - 6.22'

N 25°17'57" W - 94.07'

N 16°05'22" W - 31.47'

N 49°26'11" W 50.35'

N 15°15'50" W - 59.62'

N 16°05'21" W - 68.63'

N 16°41'16" W 103.69

N 30°14'28" W 23.69'

N 12°06'41" W 53.94'

N 14°30'55" W - 39.44'

N 17°29'52" W - 45.47'

N 24°33'19" W - 82.47'

N 12°55'05" W - 50.16'

N 08°00'26" W - 69.78'

N 23°33'01" W - 43.40'
N 18°27'36" W 45.01'
N 09°39'42" W - 66.45'
N 02°18'41" E - 95.78'
N 03°12'37" W - 58.35'
N 18°53'03" W - 132.11'
N 18°01'12" W - 60.24'
N 16°05'19" W - 52.38'
N 12°55'02" W 54.45'
N 00°25'29" E - 69.99'
N 04°50'50" E - 84.43'
N 01°36'45" W 91.06'
N 04°03'35" E 105.75'
N 12°44'52" W - 73.86'
N 04°32'03" W - 144.29'
N 01°45'56" E - 144.91'
N 24°02'30" W - 187.64'
N 43°56'47" W - 116.71'
N 66°57'57" W 94.80'
N 45°02'27" W 54.37'
N 16°05'14" W - 107.39'
N 27°56'31" W - 118.54'
N 24°47'14" W - 66.66'
N 23°32'53" W - 56.04'
N 48°24'1 1" W - 48.36'
N 51°08'07" W 83.18'
N 84°58'57" W - 50.84'
N 66°03'10" W - 106.98'
N 78°57'36" W - 61.72'
N 73°29'28" W - 212.76'. FOR THE WEST CORNER HEREOF;

THENCE N 69°52'56" E, A DISTANCE OF 7,780.87 FEET TO THE POINT OF BEGINNING CONTAINING 693.99 ACRES OR LAND. MORE OR LESS.

BASIS OF BEARINGS: G.P.S. COORDINATES. N.A.D. 27, TEXAS STATE PLANE SOUTH ZONE (4205).

- 25.82 ACRES OF LAND, MORE OR LESS, BEING PART OF SECTION 1593, MRS. MARY DOSS SURVEY, A-533, WEBB COUNTY, TEXAS, AND BEING PART OF THE SAME LAND MORE PARTICULARLY DESCRIBED IN THAT CERTAIN RIGHT OF WAY DEED DATED JULY 10, 1934 FROM JUSTO S. PENN, COUNTY JUDGE OF THE COUNTY OF WEBB, STATE OF TEXAS, AS GRANTOR, TO THE STATE OF TEXAS, AS GRANTEE, RECORDED IN VOLUME 131, PAGE 238 OF THE DEED RECORDS OF WEBB COUNTY, TEXAS.
- 20.56 ACRES, MORE OR LESS, BEING ALL OF SECTION 2352, THE J.P. CHILTON SURVEY, A-3542, WEBB COUNTY, TEXAS.
- 14.0 ACRES OF LAND, MORE OR LESS, OUT OF PORCION NO. 9, ABSTRACT NO. 41 AND PORCION NO. 10, ABSTRACT NO. 280, WEBB COUNTY, TEXAS, AND BEING THE SAME LAND DESCRIBED IN DEED OF RIGHT OF WAY DATED MAY 29, 1929 FROM C. H. CLIFTON, TO WEBB COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF TEXAS, RECORDED IN VOLUME 109, PAGE 253 OF THE DEED RECORDS OF WEBB COUNTY, TEXAS.

STATE OF TEXAS §
§
COUNTY OF HIDALGO §

This instrument was acknowledged to be the act and deed of Grantor/Transferee, Johnny Ray Partain, on this the 6th day of March, 2024, through authority of Transfer Statements.

_____
JOHNNY RAY PARTAIN

_____
NOTARY PUBLIC

DEBORAH V ESPINOSA
Notary Public
STATE OF TEXAS
Notary ID# 13267272-1
My Comm. Exp. 09-11-2024