Case 7:24-cv-00528   Document 33   Filed on 09/09/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOHNNY PARTAIN, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 7:24-CV-528 |
| VS. § | |
| § | |
| KENNETH PAXTON, *et al.*, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Plaintiff Johnny Partain, proceeding pro se, is attempting to file a civil rights complaint. (Docket Nos. 1, 10.) The basis of Plaintiff's allegations is that Defendants are "seizing approximately $340 million of his property." (Docket No. 1, at 1; *see also* Docket No. 19, at 1 (Defendants are "seizing and selling tens of millions of dollars of [his] property every month without compensation or due process.") (emphasis in original).) Defendants have filed a "Motion to Dismiss," arguing that all of Plaintiff's claims should be summarily dismissed. (Docket No. 6, at 9-21.) In addition, Defendants argue that "the Court should transfer the case to a proper venue." (*Id.* at 18.)

After carefully considering the dispositive motion, relevant pleadings, and the applicable law, the undersigned recommends that this action be transferred to the Austin Division of the Western District of Texas.

## I. BACKGROUND

Plaintiff resides in McAllen, Texas, which is located in the McAllen Division of the Southern District of Texas. 28 U.S.C. § 124(b)(7). According to Defendants, "the instant action by [Plaintiff] is based on a theory that the State of Texas owes him a debt based on a takings claim,

a claim which was fully and finally determined not to exist in 2021 when the state court dismissed his takings claim with prejudice." (Docket No. 6, at 6 (Plaintiff "has filed this federal action in an improper effort to impede an ongoing state court litigation.").) As noted, according to Plaintiff, the Defendants have been "seizing and selling tens of millions of dollars of [his] property every month without compensation or due process.") (Docket No. 19, at 1.) (emphasis in original). The properties that he alleges legally belong to him are spread throughout the State of Texas, in the following counties:

- Webb County (Docket No. 1, at 6-11; Docket No. 10-3, at 15-20);
- Martin County (Docket No. 10-3, at 2-6);
- Loving County (Docket No. 10-3, at 9-10);
- Galveston County (Docket No. 10-3, at 12-13);
- Karnes County (Docket No. 10-3, at 21-27); and
- Burleson County (Docket No. 10-3, at 29-33).

In addition, by way of a "General Warranty Deed," Plaintiff purports to have transferred title to the properties in question to himself, from himself. (*See* Docket No. 1, at 6; Docket No. 10-3, at 2, 9, 12, 15, 21, 29.)

Not surprisingly, Defendants have filed a "Motion to Dismiss." (Docket No. 6.) Defendants assert that "the Court lacks jurisdiction for a variety of reasons," and that "the Court should dismiss [Plaintiff's] lawsuit for . . . failure to state a claim on which relief could be granted." (*Id.* at 9.) In addition, Defendants argue that venue is improper in the McAllen Division of the Southern District of Texas because "neither defendant is domiciled [there] and because a substantial part of the events giving rise to the claim did not occur there." (*Id.* at 18.) Defendants further request that "the Court transfer the case to a proper venue." (*Id.*) Plaintiff responded to

the motion to dismiss; however, he did not address Defendants' argument that venue was improper. (*See* Docket No. 9.) Notably, Plaintiff fails to explain why he believes venue is proper in the McAllen Division of the Southern District of Texas. (*Id.*)

## II.  ANALYSIS

In general, venue is proper in the following: 1) "a judicial district in which any defendant resides"; 2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"; 3) "a substantial part of property that is the subject of the action is situated"; and/or 4) "if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 55-56 (2013) (citing 28 U.S.C. § 1391(b)). "A federal court has broad authority to transfer venue in any civil case under 28 U.S.C. § 1404(a), which provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Here, Defendants argue that venue is improper in both the McAllen and Houston Divisions of the Southern District of Texas; however, such a transfer may be made sua sponte. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

"The Supreme Court [has] made plain that [the section 1404] grant of authority was intended to afford a powerful tool to bring forth efficient judicial case management among the various federal courts." *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014). "The statute 'should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms.'" *Id.* (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 636-37 (1964)). "These factors, in turn, are measured across two dimensions: the interests of the

litigants, and the interests of the public and judicial system writ large." *In re Rolls Royce Corp.*, 775 F.3d at 677 (citation omitted).

"Animating the former are considerations governing the cost and ease of litigation." *Id.* at 678 (citing *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 n.6 (2013)). "Animating the latter are a broader set of concerns, ranging from the interest in having a case involving local disputes and local law resolved by a local court, to facilitating judicial economy and avoiding duplicitous litigation." *In re Rolls Royce Corp.*, 775 F.3d at 678 (citing *Atl. Marine Constr. Co., Inc.*, 134 S. Ct. at 581 n.6; *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)). "This inquiry necessarily requires the district court to 'balance a number of case-specific factors,' and the Supreme Court has cautioned that a section 1404 transfer inquiry requires an 'individualized, case-by-case consideration of convenience and fairness.'" *In re Rolls Royce Corp.*, 775 F.3d at 678 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

Here, the "interests of the litigants" suggest that the case should be transferred to the Austin Division of the Western District of Texas. *See* 28 U.S.C. § 124(d)(1). To begin with, none of the defendants reside in the McAllen Division of the Southern District of Texas. In fact, the two defendants that Plaintiff named in his "Original Verified Complaint" and his "Amended Verified Complaint" both reside in Austin, Texas. (Docket No. 1, at 1-2; Docket No. 10, at 1.) Although Plaintiff chose the McAllen Division of the Southern District of Texas as the venue to file his complaint, he is the only named party that resides there. Stated another way, litigating this case in the McAllen Division would be convenient and fair for only one party; namely, Plaintiff. *See In re Rolls Royce Corp.*, 775 F.3d at 678 ("a section 1404 transfer inquiry requires an 'individualized, case-by-case consideration of *convenience and fairness*.'" (emphasis added)). For that reason, it would presumably cost Defendants more to litigate the case in the McAllen Division, rather than

4

in the Austin Division. *See, e.g., Atl. Marine,* 134 S. Ct. at 581 n.6 ("Factors relating to the parties' private interests include 'relative cost of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses ... and all other practical problems that make trial of a case easy, expeditious and inexpensive.") (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981)).

Next, as Plaintiff's makes clear, the subject of the claims in this lawsuit are the many lands that he alleges Defendants stole from him. None of these lands can be found within the jurisdiction of the McAllen Division of the Southern District of Texas. As noted, the lands are spread throughout Texas. As such, venue in the Austin Division is also supported by the fact that both Defendants reside there, and they are subject to the court's personal jurisdiction. *See Atl. Marine Constr. Co.*, 571 U.S. at 55-56 (venue is proper in "a judicial district in which any defendant resides" and/or "any judicial district in which any defendant is subject to the court's personal jurisdiction").

Put simply, there is nothing in Plaintiff's complaint that suggests that litigating the case in the McAllen Division of the Southern District of Texas would be "easy, expeditious and inexpensive." *Id.* As such, the undersigned finds that "for the convenience of parties and witnesses," and because it would best serve "the interest of justice," this action should be transferred to the Austin Division of the Western District of Texas.[1] *See* 28 U.S.C. § 124(d)(1).

---

[1] Plaintiff has filed a "Notice of Dismissal," pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), in which he "notifies the Court that he is dismissing his petition, without prejudice." (Docket No. 32, at 1.) However, as noted, also pending is Defendants' motion to dismiss. (Docket No. 6.) Given the fact that the undersigned is recommending that this action be transferred to the Austin Division of the Western District of Texas, but also because of the rights at stake, it is further recommended that Defendants be given an opportunity to respond to the notice of dismissal, and that all the parties be given an opportunity to respond to this report. Should the parties respond, the District Court may then wish to consider whether transferring this case is still appropriate under the circumstances.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's action be transferred to the Austin Division of the Western District of Texas.

### NOTICE

The Clerk shall send copies of this Report and Recommendation to the parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on September 9, 2025.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE