UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOHNNY PARTAIN, § § Plaintiff, § § VS. § § KENNETH PAXTON, DAWN § BUCKINGHAM and APACHE § CORPORATION, § § Defendants. § | Civil Case No. 7:24-CV-00528 |

## ORDER ON FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the September 9, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Nadia S. Medrano. (Dkt. No. 33). Judge Medrano made findings and conclusions and recommended that the case be transferred to the Western District of Texas, Austin Division. (*Id.*).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On September 23, 2025, Plaintiff filed five objections. (Dkt. No. 37). First, Plaintiff objects to Judge Medrano's perceived unresponsiveness. (*Id.* at 1–2). Second, he objects that Judge Medrano failed to rely on a Texas state court case to resolve this case. (*Id.* at 2–3). Third, he claims that the M&R misrepresented his complaints. (*Id.* at 3–4). Fourth, Plaintiff objects to Judge Medrano's determination of Defendants' residencies and her recommendation that the case should be transferred. (*Id.* at 4). Finally, Plaintiff objects that Judge Medrano did not consider his Motion to Amend, (Dkt. No. 26), at an August 22, 2025 hearing, (Dkt. No. 37 at 4–5).

On September 30, 2025, Defendants also filed an objection, (Dkt. No. 39), stating that while they do not oppose the case being transferred, they still urge the Court to fully address their Motion to Dismiss, (Dkt. No. 6).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. While the Court agrees with Judge Medrano that venue in the Southern District of Texas is improper and that venue would be proper in the Western District of Texas, it finds that the best course of action is to dismiss the case. As mentioned in the M&R, (Dkt. No. 33 at 5 n.1), Plaintiff has filed a "Notice of Dismissal" pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), (Dkt. No. 31). Because this Notice of Dismissal was filed before Defendants filed either an answer to the complaint or a motion for summary judgment, Plaintiff "has an unfettered right to dismiss" the case. *Cueva v. Pan-Am. Life Ins. Co.*, No. , 2020 WL 4507443, at *2 (July 15, 2020) (first citing *In re Amerijet Intern., Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam); and then citing *Bechuck v. Home Depot, USA, Inc.*, 814 F.3d 287, 291 (5th Cir. 2016)).

The Court finds no error in the M&R but nevertheless declines to follow the recommendation and orders that the case be dismissed.

It is SO ORDERED.

Signed on September 30, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**